The Honorable Tim Wooldridge State Senator P.O. Box 339 Paragould, AR 72451
Dear Senator Wooldridge:
You have requested an Attorney General opinion concerning blue light sales under A.C.A. § 5-77-201.
Your questions are:
 (1) Can a business engaged in the sale of emergency lights and other devices legally sell a blue light to a firefighter or fire department in another state, such as Missouri, that uses blue lights on its firefighting equipment?
(2) How can such a business legally sell blue lights on the Internet?
 (3) Can such a business make sales of blue lights to a law enforcement department without requiring individual identification that legally demonstrates that the buyer is a law enforcement officer or a county coroner?
RESPONSE
Question 1 — Can a business engaged in the sale of emergency lights andother devices legally sell a blue light to a firefighter or firedepartment in another state, such as Missouri, that uses blue lights onits firefighting equipment?
It is my opinion that a business engaged in the sale of emergency lights and other devices cannot legally sell a blue light[1] to a firefighter or fire department that uses blue lights on its firefighting equipment, unless the firefighter can establish that he is a law enforcement officer or coroner, within the meaning of A.C.A. § 5-77-201.
A.C.A. § 5-77-201 states in pertinent part:
 (a)(1) It shall be unlawful to sell a blue light or blue lens cap to any person other than a law enforcement officer or a county coroner.
 (2) It shall be unlawful for a person other than a law enforcement officer or a county coroner to buy a blue light or blue lens cap.
 (b) Before selling a blue light or blue lens cap, the seller shall require the buyer to provide identification that legally demonstrates that the buyer is a law enforcement officer or a county coroner.
 (c) Each sale of a blue light or blue lens cap shall be reported to the Department of Arkansas State Police on a form prescribed by the department.
(d) A violation of this section shall be a Class D felony.
* * *
A.C.A. § 5-77-201.
The central issue raised by your question is whether a fire fighter constitutes a "law enforcement officer," within the meaning of A.C.A. §5-77-201.
The Department of Arkansas State Police is charged with the responsibility of promulgating regulations to define the type of identification necessary to demonstrate that a person is a law enforcement officer or a county coroner. A.C.A. § 5-77-203.
Pursuant to this charge, the Department of Arkansas State Police has promulgated Regulation 1998-1. That regulation defines "law enforcement officer" as follows:
 "Law Enforcement Officer" shall mean a person who has met the standards and qualifications as established by the Arkansas Commission of Law Enforcement Standards and Training and is currently employed as a law enforcement officer by a municipal, county, state or federal law enforcement agency or who is so constitutionally authorized.
Arkansas State Police Regulation 1998-1, § 2(A).
Regarding the identification that is necessary to establish status as a "law enforcement officer," the regulation states:
Necessary identification for a law enforcement officer shall be:
 (A) A photo identification card issued by the agency employing the officer and verifying current employment of the officer[.]
 (B) A notarized letter on letterhead of the agency employing the officer and signed by the administrative head of the agency and verifying current employment of the officer. Such letter shall be accompanied by the employee's current Arkansas driver's license.
State Police Regulation 1998-1, § 3.
In order for a business to be able to legally sell a blue light to a fire fighter (whether out-of-state or in-state), the fire fighter must be able to demonstrate that he falls within the definition of "law enforcement officer," quoted above, by presenting the identification designated above. Because the required identification includes a current Arkansas driver's license, it is unlikely that out-of-state purchasers could meet this requirement. Moreover, the language of the definition of "law enforcement officer" is not broad enough, in my opinion, to encompass the commonly-understood nature of fire fighters and fire departments (whether in-state or out-of-state). For these reasons, I conclude as a general matter that unless an out-of-state (or in-state) fire fighter can establish that he meets the requirements of the above-quoted definition by presenting the required identification, it would be unlawful for a business to sell a blue light to him or to his department.
I acknowledge that it is not inconceivable that some out-of-state fire fighters may be able to establish that they meet the State Police's definition of "law enforcement officer" and to present the required identification. The determination of the legality of blue light sales to fire fighters must therefore be made on a case-by-case basis, depending upon whether the fire fighter can establish that he falls within the above-quoted definition of "law enforcement officer" and can present the required identification.
Question 2 — How can such a business legally sell blue lights onthe Internet?
It is my opinion that under the State Police regulations that govern the identification that is required to establish one's status as a "law enforcement officer," blue light sales via the Internet are not possible.
Again, the applicable State Police Regulation states:
Necessary identification for a law enforcement officer shall be:
 (A) A photo identification card issued by the agency employing the officer and verifying current employment of the officer[.]
 (B) A notarized letter on letterhead of the agency employing the officer and signed by the administrative head of the agency and verifying current employment of the officer. Such letter shall be accompanied by the employee's current Arkansas driver's license.
State Police Regulation 1998-1, § 3.
The above-quoted requirements for identification appear to contemplate that originals, rather than copies, of the necessary items for identification must be presented. The regulation makes no mention of presenting copies of these items (electronic or other forms of duplication), or of presenting them by mail or otherwise than in person. Neither the applicable statutes nor the applicable regulations make any mention of long-distance sales of blue lights. Indeed, the security concerns that are reflected in these laws would seem to preclude such sales and indeed would seem to be undermined by such sales. It is my opinion that if the legislature or the State Police had intended to allow such sales despite the security concerns, they would have indicated this intent explicitly. They did not do so. For this reason, I conclude that a court faced with this question would not interpret the blue light laws and regulations to allow sales of blue lights via the Internet.
Question 3 — Can such a business make sales of blue lights to a lawenforcement department without requiring individual identification thatlegally demonstrates that the buyer is a law enforcement officer or acounty coroner?
No. The language of the governing statute is clear and unambiguous on this point. It specifically states:
 (b) Before selling a blue light or blue lens cap, the seller shall require the buyer to provide identification that legally demonstrates that the buyer is a law enforcement officer or a county coroner.
A.C.A. § 5-77-201(b).
It is unquestionable that sellers of blue lights must require purchasers to demonstrate that they are law enforcement officers or county coroners.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] I am using the term "blue light" as it is used in A.C.A. §5-77-201. It is defined there as follows: (e) As used in this section, "blue light" means an operable blue light which:
 (1) Is designed for use by an emergency vehicle, or is similar in appearance to a blue light designed for use by an emergency vehicle; and
 (2) Can be operated by use of the vehicle's battery, the vehicle's electrical system, or a dry cell battery.
A.C.A. § 5-77-201(e).